**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID G. WALSH, JR., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OPEN LAND CONSERVANCY OF | : | |
| CHESTER COUNTY, | : | |
| | : | |
| Defendant. | : | No. 05-52 |

**MEMORANDUM**

David G. Walsh, Jr. filed this personal injury action against Open Land Conservancy of Chester County. Walsh contends that sometime before August 22, 2004, the Conservancy, a non-profit corporation, placed used utility poles alongside Church Road in Tredyffrin Township, Chester County, Pennsylvania. Pl.'s Compl., at 1-2. Its purpose was to keep fishermen from parking their vehicles on the Conservancy's property, adjacent to Church Road. Id. at 2. Walsh alleges that the Conservancy illegally placed the poles "horizontally within" the Tredyffrin Township right-of-way on Church Road rather than on Conservancy property. Id.

On or about August 22, 2004, he was riding his bicycle on Church Road when he collided with one of the poles. Id. The pole was hidden by weeds and bushes, and he was thrown from his bicycle. Id. Walsh contends that he has suffered serious injuries as a result of the accident, including a broken neck, sprains, strains, lacerations, contusions, and trauma to the head, nerves, and nervous system. Id. at 4. As a result of the accident,

Walsh has had to expend considerable sums of money on medical treatment, has been unable to attend to his usual daily activities and labors, has suffered a loss of his earnings, and has experienced excruciating pain and a loss of life's pleasures.  Id. at 4-5.

Walsh claims that the Conservancy was negligent in illegally placing the poles within the right-of-way, failing to ensure that the poles were not hidden, and failing to warn people about the poles.  Id. at 3-4.

On June 7, 2005, the Conservancy filed a motion for summary judgment, arguing that it is immune from liability for negligence under the Pennsylvania Recreation Use of Land and Water Act, 68 Pa.C.S.A. § 477-1 et seq. ("RULWA").

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  F.R.C.P. 56(c).  The moving party bears the initial burden of showing that there is no genuine issue of material fact.  Highlands Ins. Co. v. Hobbs Group LLC, 373 F.3d 347, 350-51 (3d Cir. 2004).  Once the moving party has carried its burden, the nonmoving party must come forward with specific facts to show that there is a genuine issue for trial.  Williams v. West Chester, 891 F.2d 458, 464 (3d Cir. 1989).  A fact is "material" if its resolution will affect the outcome under the applicable law, and an issue about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986). The court must draw all justifiable inferences in favor of the nonmoving party. Highlands Ins. Co., 373 F.3d at 351.

The purpose of the RULWA is to "encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." 68 Pa.C.S.A. § 477-1. Under the RULWA, "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." Id. § 477-3. The RULWA also states that:

> [A]n owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:
> (1) Extend any assurance that the premises are safe for any purpose.
> (2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.
> (3) Assume responsibility for or incur liability for any injury to persons or property caused by an act of omission of such persons.

Id. § 477-4.

Significantly, Walsh has indicated that the dangerous condition causing the bicycle accident was not on the Conservancy's premises. Specifically, Walsh has presented evidence that the utility poles were within the Tredyffrin Township right-of-way on Church Road. Walsh Aff., at 1 ("After successfully and safely crossing the oncoming travel lane on Church Road and while still within the highway right of way, my bike struck a telephone pole adjacent to the highway and still within the highway's right of

way."); Serge Borichevsky Aff., at 1-2 (indicating that the impact between Walsh's bicycle and the utility pole occurred within the right-of-way).

In light of the evidence that the dangerous condition was within the right-of-way on Church Road and not on the Conservancy's premises, I find that the immunity provided by the RULWA may not apply. Therefore, the Conservancy's motion for summary judgment is denied.[1] An appropriate order follows.

## ORDER

AND NOW, this 13th day of July, 2005, upon consideration of the Open Land Conservancy of Chester County's motion for summary judgment (Doc. # 13), and replies thereto, it is hereby ORDERED that said motion is DENIED.

/s/
LAWRENCE F. STENGEL, J.

---

[1] Walsh also argues that the RULWA does not apply and the Conservancy's motion for summary judgment should, therefore, be denied because he did not enter the Conservancy's land for recreational purposes, the area where the accident occurred was improved, and the placement of the utility poles on Church Road was illegal. Because I find that the evidence that the utility poles were not on the Conservancy's premises precludes summary judgment, I will not address Walsh's other arguments.