IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID G. WALSH, JR., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OPEN LAND CONSERVANCY OF CHESTER COUNTY, | : | |
| | : | |
| Defendant. | : | No. 05-52 |

**MEMORANDUM**

Defendant requests this court to reconsider the memorandum and order dated July 13, 2005, which denied defendant's motion for summary judgment. In its motion for summary judgment, defendant argued that it is immune from liability for negligence under the Pennsylvania Recreation Use of Land and Water Act, 68 Pa.C.S.A. § 477-1, et seq. ("RULWA"). This court denied defendant's motion in light of the evidence presented by plaintiff that the dangerous condition causing his injuries occurred within the Tredyffrin Township right-of-way on Church Road. In the motion for reconsideration, defendant argues that Tredyffrin Township's right-of-way is merely an easement on defendant's land. As the owner of the land, defendant argues that it is entitled to immunity under the RULWA.

A party moving for reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. North River

Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  "Motions for reconsideration are to be granted sparingly and are not to be used to reargue or relitigate matters already decided."  Pennsylvania Turnpike Comm'n v. K & S Trucking LLC, 2005 WL 856842, at *1 n.1 (E.D.Pa. Apr. 14, 2005).  In this case, defendant does not argue that controlling law has changed or that there is new evidence.  Instead, defendant appears to argue that this court has made a clear error of law.

 A public right-of-way is the property of the government.  Allen v. Mellinger, 625 A.2d 1326, 1328-29 (Pa.Cmwlth. 1993) ("[E]ven though the [defendants'] boundary line extends to the center of [the highway], the ownership, control and possession of the highway traversing their property, along with the duty to maintain the highway, belongs to the Commonwealth."); Cruet v. Certain-Teed Corporation, 639 A.2d 478, 482 (Pa.Super. 1994) (indicating that the government, not the owners of lands abutting a highway, possessed the highway); Fazio v. Fegley Oil Company, Inc., 714 A.2d 510, 514 (Pa.Cmwlth. 1998) (indicating that a borough, not adjacent property owners, possessed a public alleyway).  In this case, plaintiff has presented evidence that the dangerous condition causing his injuries was within the Tredyffrin Township right-of-way on Church Road.  David G. Walsh, Jr. Aff., at 1 ("After successfully and safely crossing the oncoming travel lane on Church Road and while still within the highway right of way, my bike struck a telephone pole adjacent to the highway and still within the highway's right of way."); Serge Borichevsky Aff., at 1-2 (indicating that the impact between plaintiff's bicycle and the utility pole occurred within the right-of-way).  In light of the evidence that

the dangerous condition was on a right-of-way owned by the local government, and not on defendant's property, this court denied defendant's motion for summary judgment.

Defendant notes that in <u>Stanton v. Lackawanna Energy, Ltd.</u>, 820 A.2d 1256 (Pa.Super. 2003), the Pennsylvania Superior Court held that an easement holder can be an "owner" of land for the purpose of determining immunity under the RULWA.  Defendant further notes that the Pennsylvania Supreme Court recently granted a petition for allowance of appeal to determine whether the Superior Court correctly concluded in <u>Stanton</u> that an easement holder can be an "owner" of land entitled to protection under the RULWA.  <u>See Stanton v. Lackawanna Energy, Ltd.</u>, 577 Pa. 493 (2004).  However, the issue raised in <u>Stanton</u> is irrelevant to this case.  In this case, defendant is not the holder of the Church Road easement, and this court is not confronted with the question of whether defendant, as the holder of an easement, is immune from liability pursuant to the RULWA.

Defendant has not shown that this court's denial of summary judgment was a clear error of law.  Therefore, defendant's motion for reconsideration is denied.

Defendant also requests this court to certify this case for immediate appeal.  A district court may, in its discretion, certify an interlocutory order for appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and if an immediate appeal from the order "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Defendant does not present any conflicting legal authority showing that a "substantial ground for

difference of opinion" exists with respect to the court's decision to deny summary judgment, and this court is not aware of any such controversy. As this court noted above, the issue currently before the Pennsylvania Supreme Court in Stanton is not before this court. Moreover, this case is currently scheduled for trial on September 21, 2005. An immediate appeal, instead of advancing the ultimate termination of this litigation, would only result in further delays. Defendant's motion for certification for appeal pursuant to 28 U.S.C. § 1292(b) is denied.

## **ORDER**

**AND NOW**, this          day of August, 2005, upon consideration of defendant's motion for reconsideration, or, in the alternative, for certification for appeal pursuant to 28 U.S.C. § 1292(b), it is hereby **ORDERED** that said motion is **DENIED**.

_____
LAWRENCE F. STENGEL, J.